UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUZANNE TOTA** | * | **DOCKET NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **MAGISTRATE JUDGE:** |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company appearing through undersigned counsel files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I.  PROCEDURAL HISTORY**

1.

Plaintiff Suzanne Tota filed a "*Petition for Damages*" in the 19th Judicial District Court, Parish of East Baton Rouge, for the State of Louisiana, against State Farm Fire and Casualty Company, ("State Farm") on July 19, 2023. The case was captioned "*Suzanne Tota versus State Farm Fire and Casualty Company*" Docket No. 734702 Div. 24 (*See* Exh. A Bates Stamped Exhibit A State Court Record Pages 3 to 9, Petition for Damages P. 4 to 7; Notice of Service on State Farm through the La. Secretary of State on July 24, 2023, Exhibit A P. 3 Mailing of Petition by Secretary of State to State Farm through its agent, Corporation Service Company, on July 25, 2023, Receipt by Corporation Service Company of Petition from La. Secretary of State on July 26, 2023 attached hereto and marked for identification as Exhibit "A", in *globo*.). State Farm was served through its

statutory agent, the Louisiana Secretary of State, on July 24, 2023, and received notice of the lawsuit on July 26, 2023. (*Id.*).

2.

Plaintiff brings this lawsuit against State Farm in its capacity as her homeowner's insurer for her home located at 831 Wiltz Drive, Baton Rouge, LA (hereinafter referred to as "Insured Property"). (See Exh. A. at p. 4, Petition ¶2-3). Plaintiff asserts that State Farm owes her amounts under her homeowner's policy for damage to her home as a result of Hurricane Ida on August 29, 2021. (*Id.* at p. 4-6. ¶4-19). Plaintiff alleges that she has suffered extensive damage to her home, and State Farm has failed to compensate her for all costs, related expenses, and damages associated with her loss. (*Id.* at p. 4-6. ¶4-19.) As detailed below, Plaintiff's claims for damages to the dwelling, statutory penalties, attorney fees and other damages listed in the Petition for Damages far exceed the sum or value of $75,000, exclusive of interest and costs.

3.

Plaintiff alleges in her Petition that State Farm inspected her property on December 23, 2021, and allowed for $3,351.94 for dwelling losses, then on reinspection on February 22, 2023, State Farm allowed for $9,624.95 in dwelling losses and $1,307.62. (See Exh. A at p. 5 ¶7). Further, the Plaintiff contends that State Farm issued payments in the amount of $3,857.22 on March 1, 2023. (See Exh. A at p. 5 ¶10). Plaintiff contends she hired Daniel Johnson at Destination Claims, LLC, who provided her with a estimate in the amount of $129,204.14 for the dwelling. (*Id.* at p. 5. ¶11). Based on the Destination Claims, LLC estimate, the Plaintiff's alleged damages total $129,204.14. (*Id.*).

4.

Further, in her Petition, Plaintiff claims that she is entitled to statutory penalties on the

amount not paid, as well as attorney fees and other damages under La. R.S. 22:1892 and 22:1973. (See Exh. A at p 5-6. ¶12-19). Though unnecessary to evaluate considering the amount in controversy on the face of the Plaintiff's pleading is over $100,000, it is well-settled that statutory penalties can be used as support that the jurisdictional amount has been exceeded. *Lapeyrouse v. State Farm Fire & Cas. Co.*, No. 14-52, 2014 WL 4373273, at *3 (M.D. La. Sept. 3, 2014)(citing *Fortier v. State Farm Fire & Cas. Co.*, 2007 WL 678990, at *2 (E.D. La. Feb. 28, 2007)). Courts have specifically cited claims under La. R.S. 22:1892 as appropriate to use in calculating the jurisdictional amount. *Easley v. Republic Fire and Casualty Insurance Company,* 2020 WL 7344614, (M.D.La. Nov. 4,2020). The 50% statutory penalty sought under La. R.S. 22:1892 by the Plaintiff could amount to $64,602.07 based on the estimates alleged on the face of the Plaintiff's Petition. Without even considering attorneys fees, this combination of the Destination Claims, LLC estimate and possible penalties amount to $193,806.21, an amount which in itself far exceeds the sum of $75,000.00.

5.

State Farm removes this action from the 19th Judicial Court, Parish of East Baton Rouge, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

**II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS ALL PARTIES ARE DIVERSE AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTERESTS AND COSTS**

6.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

3

and costs, and is between (1) citizens of different States.

7.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). While State Farm admits no liability, Plaintiff's Petition on its face establishes that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000.00) DOLLARS, exclusive of interest and costs.

8.

Further, on July 7, 2023, Plaintiff's counsel forwarded a demand to State Farm in the amount of $403,336.05 less the damages already allegedly paid by State Farm ($3,857.22). (Attached as Exhibit B). This demand is further evidence that the amount in controversy exceeds $75,000.00.

9.

Plaintiff is a citizen of Louisiana who is domiciled in East Baton Rouge Parish. (Exh. A Petition at Preamble). State Farm is a foreign corporation duly organized under the laws of the State of Illinois and having its principal place of business in the State of Illinois and is a citizen of the State of Illinois. There is complete diversity amongst all parties.

10.

This is a civil action over which the United States District Court for the Middle District of

Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

### III.   STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

**11.**

State Farm was served with the Petition for Damages through its statutory agent for service of process, the Louisiana Secretary of State, July 24, 2023 (Exhibit A at p. 3 Service Return on Citation).  The Secretary of State forwarded the Petition to Corporation Service Company by certified mail on July 25, 2023, which was received by Corporation Service Company on July 26, 2023. (*See* Exhibit A, Letter from Secretary of State dated July 25, 2023. *Id*. at p. 2, Service of Process Return on Service Copy of Citation showing service on the Louisiana Secretary of State dated July 24, 2023 *Id*. at p. 3, Notice of Service of Process Transmittal form from Corporation Service Company dated July 26, 2023, *Id.* at p. 1).

"[C]ourts in the Fifth Circuit have held that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.* 09-200, 2009 WL 1875755 (M.D. La. June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to *Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, 2008 WL 783592 (E.D. LA. March 25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as the secretary of state is served, but begins to run when defendant or someone serving

5

as defendant's agent in fact receives process).

**12.**

This Notice of Removal is filed within 30 days of service of the petition on State Farm through its agent for service of process, Corporation Service Company.

**13.**

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of a state and a citizen or subject of a foreign state.

**14.**

The 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(b).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

**15.**

No previous application has been made by State Farm for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by State Farm to date are attached hereto as Exhibit A, Bates Stamped Exhibit A State Court Record Pages 3 to 9, along with an service documents.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and the Clerk of Court for the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.  No other process, pleadings, or orders have been served upon State Farm.

## IV. CONCLUSION

**16.**

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, State Farm, has complied with, this cause of action is removable to the United States District Court for the Middle District of Louisiana.

**17**.

State Farm reserves the right to supplement or amend this Notice of Removal.

**18.**

State Farm reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to State Farm.

**19**.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

*/s/ Kellye R. Grinton*
**KELLYE R. GRINTON (#34738)**
**ELEANOR W. WALL (#29695)**
**EMILY S. MORRISON (#18351)**
**LAURA WELCH  (#33060)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA  70802
Telephone:  (225) 383-8900
kgrinton@phjlaw.com
ewall@phjlaw.com
emorrison@phjlaw.com
lwelch@phjlaw.com
*Attorneys for State Farm Fire and Casualty Company*

**CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)**

I hereby certify that on this 23rd day of August 2023, a copy of the foregoing Notice of Removal has been sent to the following:

**Plaintiff Suzanne Tota**
*Through her Counsel of Record - via email*
Darren W. Wilson
John T. Joubert
Matthew J. Davis
John C. Jacobs
2171 Quail Run Drive
Baton Rouge, LA 70808
Telephone: 225-761-3322
Facsimile: 225-761-3823
darren@joubertlawfirm.com
johnny@joubertlawfirm.com
matt@joubertlawfirm.com
jacobs@joubertlawfirm.com

**Clerk of Court - *Via E-Filing***
East Baton Rouge Parish Clerk of Court
19th Judicial District Court
300 North Boulevard
Baton Rouge, LA 70801

*/s/Kellye R. Grinton*
KELLYE R. GRINTON