UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUZANNE TOTA** | * | **CIVIL ACTION NO.: 3:23-CV-00798** |
| | * | |
| **versus** | * | **JUDGE JOHN W. deGRAVELLES** |
| | * | |
| **STATE FARM FIRE AND** | * | **MAGISTRATE JUDGE** |
| **CASUALTY COMPANY** | * | **ROBERT L. BOURGEOIS, JR.** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**STATUS REPORT**

**A.    JURISDICTION**

What is the basis for the jurisdiction of this Court?

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of jurisdiction of citizenship between the plaintiff and defendant. Further, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, based on the plaintiff's demand. Accordingly, the statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

**B.    BRIEF EXPLANATION OF THE CASE**

**1.    Plaintiff's claims:**

Plaintiff owns the home/property located at 831 Wiltz Drive, Baton Rouge, LA 70816 (the "property"). State Farm provided an insurance policy to the plaintiff that covered the property against perils, including hurricanes. On or about 8/29/2021, Hurricane Ida made landfall in Louisiana and caused damage to the plaintiff's property. Plaintiff promptly reported the loss to State Farm. On or about December 23, 2021, State Farm adjuster Daniel Collins inspected the property and documented $3,351.94 in damages to the dwelling. After depreciating the loss and applying the plaintiff's deductible, State

Farm did not issue any payment to the plaintiff. On or about February 22, 2023, State Farm adjuster Michelle Roy re-inspected the property and documented $9,624.95 in damages to the dwelling and $1,307.62 in damages to other structures. On or about March 1, 2023, after depreciating the loss and applying the plaintiff's deductible, State Farm issued a payment to the plaintiff for only $3,857.22.

The plaintiff retained Daniel Johnson of Destination Claims, LLC, who independently inspected the property on or about May 15, 2023, and documented $129,204.14 in damages to the dwelling. The Destination Claims estimate was provided to defendant State Farm on or about July 7, 2023, and constituted satisfactory proof of loss. To date, defendant State Farm has not tendered any additional proceeds to the plaintiff.

The plaintiff is entitled to statutory bad faith damages under Louisiana law. Plaintiff made timely claims with State Farm for her losses. All the reports, documentation, and photographs evidence her losses. State Farm arbitrarily and without probable cause failed to timely and adequately compensate the plaintiff.

**2.    Defendant's claims:**

Plaintiff has filed a lawsuit against State Farm Fire and Casualty Company claiming unpaid damages resulting from Hurricane Ida which occurred on August 29, 2021. State Farm issued policy number 18-B8-T525-6 to Plaintiff Suzanne Tota, which was in full force and effect on the date of loss. The policy, as a written contract, is the best evidence of its contents including its coverages, exclusions, and conditions. State Farm timely inspected the property and prepared an estimate of the damage. State Farm indemnified Plaintiff for the losses for which State Farm received satisfactory proof of

loss. State Farm denies that it has violated La. R.S. 22:1973 and 22:1892. State Farm denies that it is liable for either contractual or statutory damages.

**C.    PENDING MOTIONS**

List any pending motions(s), the date filed, and the basis of the motions(s):

No motions are currently pending.

**D.    ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

**Plaintiff's Issues:**

1.    Whether State Farm failed to timely and adequately compensate the plaintiff for his covered losses under the policy;

2.    Whether State Farm's actions amount to bad faith under La. R.S. 22:1982 and La. R.S. 22:1973; and

3.    All issues of fact implicit in the pleadings and/or discovery herein.

**Defendant's Issues:**

(1)    Whether the additional amounts claimed by Plaintiff for repairs are covered losses under her State Farm homeowner's policy?

(2)    Whether State Farm failed to adjust and pay Plaintiff for the damages arising out of her hurricane claim?

(3)    Whether Plaintiff is entitled to recover from State Farm for bad faith penalties and attorney's fees pursuant to La. R.S. 22:1892 and La. R.S. 22:1973?

(4)    The amount of damages owed to Plaintiff, if any;

(5)    Any issue of fact implicit in the pleadings and/or discovery.

**E.    DAMAGES**

   **1.    Plaintiff's calculation of damages.**

   Plaintiff is entitled to recover all contractual damages, as covered by the policy and as indicated by Destination Claims, including at least $129,204.14 in damages to the dwelling. Plaintiff is also entitled to recover statutory bad faith penalties, attorney fees, and costs delineated in Louisiana's bad faith statutes, La. R.S. 22:1982 and La. R.S. 22:1973. Plaintiff is also entitled to mental anguish and general damages and all costs of these proceedings.

   **2.    Defendant's calculation of offset and/or Plaintiff's damages**:

   State Farm denies it is liable to Plaintiff for either contractual or statutory damages. State Farm Fire and Casualty Company has indemnified Plaintiff for the losses for which State Farm has received satisfactory proof of loss. State Farm has paid all monies due and owing to Plaintiff.

**F.    SERVICE:**

   Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

   There are no issues regarding waiver or service of process, personal jurisdiction, or venue.

**G.    DISCOVERY**

   **1.    Initial Disclosures:**

      A.    Have the initial disclosures required under FRCP 26(a)(1) been completed?

         [ ] YES    [ x ] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

B.     Do any parties object to initial disclosures?

[ ] YES     [ x ] NO

For any party who answered *yes*, please explain your reasons for objecting.

2. **Briefly describe any discovery that has been completed or is in progress:**

   **By Plaintiff**: Plaintiff will propound written discovery upon defendant. Deposition of any person involved with the parties' estimates will be considered.

   **By Defendant**:   None at this time. State Farm agrees to proceed with discovery pursuant to the proposed scheduling order below.

3. **Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.  (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)**

   State Farm will require a protective order be executed prior to producing confidential and/or trade secret documentation, if requested.

4. **Discovery from experts:**

   Identify the subject matter(s) as to which expert testimony will be offered:

   **By Plaintiff**: Plaintiff intends to offer factual and expert testimony from the Plaintiff's public adjuster regarding estimation of damages; Red Stick Roofing, regarding roof damages.  Plaintiff may offer testimony from a licensed appraiser

regarding valuation; a meteorologist, and an expert witness to testify to proper claims handling practices.

**By Defendant**:   Engineering, construction, and/or roofing expert as to cause of loss and claimed damages.

H.   **PROPOSED SCHEDULING ORDER**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:  n/a.

2. Recommended deadlines to join other parties or to amend the pleadings:

    **March 29, 2024**.

3. Filing all discovery motions and completing all discovery except experts:

    **July 29, 2024**.

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiff:  **April 29, 2024**.

    Defendant: **May 29, 2024**.

5. Exchange of expert reports:

    Plaintiff: **July 29, 2024**.

    Defendant: **August 29, 2024**.

6. Completion of discovery from experts: **September 30, 2024**.

7. Filing dispositive motions and Daubert motions: **November 29, 2024**.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order.  The deadlines will be determined based on the

presiding judge's schedule, within the following general parameters. The parties should not provide any proposed dates for these remaining deadlines.

    a.    Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

    b.    Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    c.    Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    d.    Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

    e.    Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    f.    Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

## I. TRIAL

1. Has a demand for trial by jury been made?

    [ x ] YES    [ ] NO

2. Estimate the number of days that trial will require.

The parties estimate it will take four days to try this matter.

**J.     OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES    [X] NO

    i.    If the answer is *yes*, please explain:

    ii.    If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?  **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[X] YES    [ ] NO

**K.     SETTLEMENT**

1.  Please set forth what efforts, if any, the parties have made to settle this case to date.

    **By Plaintiff**: Plaintiff sent a settlement demand to State Farm on July 7, 2023.

    **By Defendants**: On July 7, 2023, plaintiff made a demand for $403,336.05, plus general damages and reimbursement of court costs. State Farm rejected the demand.

2.  Do the parties wish to have a settlement conference:

[X] YES    [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

After the Initial Disclosures and sufficient documents have been exchanged between the parties.

**L.     CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES    [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated: 11/13/2023

/s/ Darren W. Wilson
**DARREN W. WILSON, LSBA NO. 40660**
JOHN T. JOUBERT, LSBA NO. 25121
JOHN C. JACOBS, LSBA NO. 26662
MATTHEW J. DAVIS, LSBA NO. 34508
2171 Quail Run Drive
Baton Rouge, LA  70808
Telephone: 225-761-3822
Facsimile: 225-761-3823
Email Address:  darren@joubertlawfirm.com
Attorney for Plaintiff


/s/ Kellye R. Grinton
**KELLYE R. GRINTON, LSBA NO. 34738**
**ELEANOR W. WALL, LSBA NO. 29695**
**EMILY S. MORRISON, LSBA NO. 18351**
**LAURA G. WELCH, LSBA NO. 33060**
Porteous, Hainkel & Johnson, LLP
301 St, Charles St.
Baton Rouge, LA 70802
Telephone: 225-383-8900
Facsimile: 225-336-8927
Email: kgrinton@phjlaw.com
         ewall@phjlaw.com
         emorrison@phjlaw.com
         lwelch@phjlaw.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 13, 2023, I electronically filed the Status Report with the Clerk of Court via the CM/ECF system, which will send a notice to all counsel of record, and also emailed a copy to Kellye R. Grinton, counsel for the defendant.

              /s/ Darren W. Wilson
              DARREN W. WILSON